Salvador IBANEZ–DELGADILLO; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–71737.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 12, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Walter R. Pineda, Law Office of Walter R. Pineda, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jennifer Paisner, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Salvador Ibanez–Delgadillo and Teresa Ibanez, husband and wife and natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals (BIA) denying their motion to reopen proceedings for consideration of new evidence relating to their applications for cancellation of removal. An immigration judge (IJ) had denied the applications on the ground that the petitioners failed to estab-lish exceptional and extremely unusual hardship to their United States citizen children or to Ibanez–Delgadillo's lawful-permanent-resident father, a decision the BIA affirmed.

The BIA denied the motion to reopen on the grounds that (1) the new medical/psychological evidence regarding petitioners' middle daughter was still insufficient to establish the requisite hardship, (2) the motion to reopen thus did not establish a prima facie case for cancellation of removal, and (3) the evidence relating to psychological treatment for their eldest child's fear of dogs was cumulative of evidence previously of record.

We lack jurisdiction to review the BIA's denial of a motion to reopen on these grounds. *See Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir.2006) (holding that if the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning hardship does not make out a prima facie case for that relief, or if the motion is based on cumulative evidence, Section 242(a)(2)(B)(i) of the Immigration and Nationality Act precludes our visiting the merits).

**PETITION FOR REVIEW DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.